**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **GRISELDA GUADALUPE HERNANDEZ GOMEZ,** | ) | |
| **Petitioner,** | ) | |
| **v.** | ) | **Case No. CIV-26-3024-G** |
| **FRED FIGUEROA, Diamondback Correctional Facility, et al.,** | ) | |
| **Respondents.** | ) | |

**REPORT AND RECOMMENDATION**

Petitioner Griselda Guadalupe Hernandez Gomez, a noncitizen[1] and Mexican national proceeding pro se, filed a Petition for Writ of Habeas Corpus, Doc. 1, Supplemental Grounds in Support of Petition, Doc. 2, and Memorandum of Law in Support, Doc. 3 (together, the "Petition"), challenging under 28 U.S.C. § 2241 her detention by U.S. Immigration and Customs Enforcement ("ICE"). United States District Judge Charles B. Goodwin referred this matter to the undersigned Magistrate Judge in accordance with 28 U.S.C. § 636(b)(1)(B)-(C). Doc. 6. The undersigned set an expedited briefing schedule, Doc. 8, and the Petition is at issue. For the reasons below, the undersigned recommends that the Court grant the Petition in part and order Respondents to provide Petitioner a bond hearing under 8 U.S.C. § 1226(a) within seven days or otherwise to release her if there is no hearing within that time.

---

[1] Unless quoting, this Report and Recommendation "uses the term 'noncitizen' as equivalent to the statutory term 'alien.'" *Nasrallah v. Barr*, 590 U.S. 573, 578 n.2 (2020) (citing 8 U.S.C. § 1101(a)(3)).

## I. Background

Petitioner, a citizen of Mexico, entered the United States in January 2014 without inspection. Doc. 2 at 1. On September 2, 2026, ICE detained her outside her home. *Id.* at 2. She alleges the ICE agents misidentified her as Griselda Bermudes who has a similar birth date, but who entered the United States in 1994 and was ordered removed in 2005. *Id.* Petitioner alleges she has been designated "a high-security classification associated with red clothing" based on this misidentification. *Id.*

Around September 4, 2026, ICE placed Petitioner into removal proceedings before the Immigration Court. *See* EOIR, Automated Case Information, *at* https://acis.eoir.justice.gov/en/ (last visited Nov. 18, 2026) (indicating a docket date of September 4, 2026).

Respondents contend Petitioner is detained under 8 U.S.C. § 1225(b)(2)(A) but acknowledge binding Tenth Circuit precedent holds otherwise. Resp. at 1-2. Petitioner did not allege she requested a bond hearing. Such a request, though, would likely be futile because all Immigration Judges ("IJs") are subject to the binding precedent of *Matter of Yajure Hurtado*, 29 I & N Dec. 216 (BIA 2025), which holds those noncitizens who entered the country without admission or parole are ineligible for a bond hearing.

When Petitioner filed her Petition, she was detained at Diamondback Correctional Facility in Watonga, Oklahoma. Doc. 1 at 1. She remains detained there. *See* ICE Online Detainee Locator System, *at* https://locator.ice.gov/odls/#/results (last visited Nov. 18, 2026).

## II. <u>Petitioner's Claims</u>

Petitioner asserts six overlapping counts in her Petition.

- **Counts I and II: Violation of Due Process.** Petitioner alleges her disputed identity and removal history as a basis for her current detention violate her right to due process. Doc 2 at 3.

- **Count III: Unestablished Statutory Authority**. Petitioner alleges the "government should identify the precise detention provision and produce the custody determination and supporting records." *Id*. at 4.

- **Count IV**: **Violation of Procedural Due Process**. Petitioner alleges "no adequate opportunity has been afforded for her to resolve [her] material disputes," in violation of her right to procedural due process. *Id.*

- **Count V: Violation of Fourth Amendment and Statute**. Petitioner alleges her detention after her arrest without being shown a warrant is unlawful. *Id.* at 5.

- **Count VI**: **Violation of Fifth Amendment**. Petitioner alleges her continued confinement "without a lawful, independently supported custody basis" is unlawful. *Id.*

She requests the Court (1) "require Respondent to state and substantiate the statutory and factual basis for [her] present detention;" (2) require production of the arrest warrant and associated documents related to her detention; (3) allow her to "examine and respond to the material records, submit identity and entry evidence, and supplement the petition when the government's actual detention theory is known;" (4) "resolve material factual disputes through an appropriate proceeding;" and (5) consider her health needs, immigration and criminal history, and available release plan. *Id.* at 6-7 (citation modified).

Taken together, the undersigned liberally construes Petitioner to request a bond hearing under 8 U.S.C. § 1226(a) at which she can dispute her misidentification and seek release from custody. *See also* Doc. 3 at 4-5 ("To the extent § 1226(a) applies, Petitioner

requests consideration of the custody procedures authorized by that provision and applicable regulations."); Resp. at 1 (construing Petitioner to "seek a bond hearing under 8 U.S.C. § 1226(a)").

## III. Standard of Review

To obtain habeas corpus relief, Petitioner must show that she is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "Challenges to immigration detention are properly brought directly through habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis*, 533 U.S. 678, 687-88 (2001)).

## IV. Analysis

### A. Section 1226(a) applies to Petitioner's detention.

The two sections of the INA at issue that govern detention of noncitizens pending removal proceedings are 8 U.S.C. §§ 1225 and 1226. Section 1225(a)(1) describes an "applicant for admission" as "an alien present in the United States who has not been admitted or who arrives in the United States." *Id.* § 1225(a)(1) (citation modified). Under § 1225(b)(2)(A), "in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained." If Petitioner is detained under § 1225(b)(2)(A), she is not entitled to a bond hearing. On the other hand, § 1226(a) more generally authorizes detention of a noncitizen pending removal proceedings and entitles the noncitizen to a bond hearing. *See Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018)

("Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention." (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1))).

Liberally construed, Petitioner seeks a bond hearing under § 1226(a). *See* Doc. 2 at 3-7. Respondents maintain Petitioner is properly detained under § 1225(b)(2)(A) but concede *Santillan Quiroz v. Mullin*, 180 F.4th 1226, 1235-49 (10th Cir. 2026) compels a different outcome. Resp. at 1-2.

The Tenth Circuit recently rejected the statutory interpretation of § 1225(b)(2) as urged by Respondents and applied § 1226(a) to govern detention of noncitizens like Petitioner. *Santillan Quiroz*, 180 F.4th at 1235-49. The Tenth Circuit concluded "those who entered the United States without admission and who have lived here since are categorically unable to seek admission while they remain in the country." *Id.* at 1239 (citation modified). Accordingly, "noncitizens who entered the United States and were thereafter detained in the interior of the country are usually subject to § 1226(a) (and thus eligible for bond), not § 1225(b)(2)(A)." *Id.* at 1237. Therefore, based on Tenth Circuit precedent and this Court's prior reasoning in *Munoz v. Holt*, No. CIV-25-1190-G, 2026 WL 2200433, at *3 (W.D. Okla. July 30, 2026), the Court should apply § 1226(a) to govern Petitioner's current detention. *See He v. Blanche*, No. CIV-26-1435-G, 2026 WL 2296120, at *2 (W.D. Okla. Aug. 10, 2026) (holding in accordance with *Santillan Quiroz* that a similarly situated petitioner is entitled to a bond hearing under § 1226(a)).[2]

[2] This conclusion is also in accord with persuasive authority in the First, Second, Third, Fourth, Sixth, Seventh, Ninth, and Eleventh Circuits, which rejected Respondents' statutory interpretation of § 1225(b)(2). *See Lopez Garcia v. Guadian*, 190 F.4th 305, 334-

**B. The proper remedy is a bond hearing.**

The undersigned concludes a bond hearing is the proper remedy for a noncitizen detained under § 1226(a). *See Santillan Quiroz,* 180 F.4th at 1251 n.13; *see also Munoz*, 2026 WL 2200433, at *3 (concluding because § 1226(a) governs petitioner's detention, "he is entitled to a bond hearing"). Further, Judges in this District, including this Court, have consistently declined to order burden shifting. *See, e.g.*, *Sow v. Cerna*, No. CIV-26-1376-G, 2026 WL 2302462, at *2 (W.D. Okla. Aug. 10, 2026) (declining to address a petitioner's burden-shifting claim). Therefore, the Court should grant the Petition in part and order Respondents to provide Petitioner with a bond hearing under § 1226(a) before a neutral IJ within seven days or otherwise release her if she does not have a lawful bond hearing within that period.[3]

35 (4th Cir. 2026); *Buele Morocho v. Warden, Phila. FDC*, 189 F.4th 287, 304 (3d Cir. 2026); *Guerrero Orellana v. Moniz*, 188 F.4th 1, 20-21 (1st Cir. 2026); *Rodriguez Vazquez v. Bostock*, 183 F.4th 1160, 1193-94 (9th Cir. 2026); *Cirrus Rojas v. Olson*, 183 F.4th 909, 915 (7th Cir. 2026); *Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami*, 175 F.4th 1258, 1285 (11th Cir. 2026); *Lopez-Campos v. Raycraft*, 175 F.4th 713, 722 (6th Cir. 2026); *Barbosa da Cunha v. Freden*, 175 F.4th 61, 69 (2d Cir. 2026). In contrast, the Fifth and Eighth Circuits recently applied § 1225 to similar habeas challenges, agreeing with Respondents' position. *Avila v. Bondi*, 170 F.4th 1128, 1134-38 (8th Cir. 2026); *Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 498, 502-08 (5th Cir. 2026). The Supreme Court has granted certiorari on this issue. *See Barbosa da Cunha v. Freden*, 175 F.4th 61 (2d Cir. 2026), *cert. granted sub. nom. Rhoney v. Barbosa da Cunha*, --- S. Ct. ----, 2026 WL 2942994 (Mem) (Oct. 1, 2026).

[3] To the extent Petitioner seeks the government to confirm her detention authority, Respondents acknowledge § 1226(a) applies to her detention. Resp. at 1. Further, to the extent Petitioner seeks production of her arrest warrant and other materials related to her detention/immigration proceedings, such materials can be obtained through the bond hearing process in the immigration court.

**C. The Court should decline to address Petitioner's remaining claims.**

Petitioner also alleges her arrest and detention violate due process, the Fourth Amendment, and the Fifth Amendment. Doc. 2 at 3-5. If the Court grants habeas relief to Petitioner with a bond hearing under § 1226(a), the undersigned recommends the Court decline to decide the merits of Petitioner's remaining claims based on her arrest and detention because, at most, she would only be entitled to relief in the form of a bond hearing. *See, e.g.*, *He*, 2026 WL 2296120, at *2 (declining to decide a petitioner's additional due process claim when adopting the recommended relief of a bond hearing under § 1226(a)); *Ziiadullaev v. Lyons*, No. CIV-26-1237-D, 2026 WL 2827125, at *1 (W.D. Okla. Sep. 21, 2026) (concluding "the relief warranted" for a warrantless arrest "is a bond hearing pursuant to § 1226").

**V. <u>Recommendation and Notice of Right to Object</u>**

For these reasons, the undersigned recommends that the Court **GRANT in part** the Petition, Docs. 1, 2, and 3, for habeas relief by ordering Respondents to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within seven days or otherwise release Petitioner if she has not received a lawful bond hearing within that period.

The parties are advised of their right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Any objection must be filed not later than **November 25, 2026**. *See id.* § 636(b)(1); Fed. R. Civ. P. 72(b)(2). If a party wishes to respond to the other party's objections, such response must be filed not later than **December 2, 2026**. *See* Fed. R. Civ. P. 72(b)(2). Failure to object timely waives the right to appellate review of the factual and

legal issues addressed in this Report and Recommendation. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in this matter.

**ENTERED** this 18th day of November, 2026.

CHRIS M. STEPHENS
UNITED STATES MAGISTRATE JUDGE